# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

ZEBULON CLARK WHISLER,

        Plaintiff,

v.

RAMIN DUNFORD, *et al.,*

        Defendants.

Case No. 3:24-cv-00148-SLG

## ORDER OF DISMISSAL

On July 8, 2024, self-represented prisoner Zebulon Clark Whisler ("Plaintiff") filed a civil complaint, a civil cover sheet, an application to waive prepayment of the filing fee, and a motion for a court-appointed attorney with an accompanying financial affidavit.[1] Plaintiff brings suit against the State of Alaska Division of State Troopers, Investigator Ramin Dunford, Trooper Amy Bowen, and Trooper Michelyn Manrique (formerly Grigg)[2] ("Defendants"). Plaintiff's allegations all relate to his arrest by the troopers in 2009, Defendants' efforts to gather evidence, and the subsequent criminal prosecution brought in state court against Plaintiff.[3] For relief, Plaintiff seeks damages in the amount of $1,000,000; punitive damages in

---

[1] Dockets 1-4.

[2] Since the alleged events, Trooper Grigg changed her last name to Manrique and was promoted to Sergeant. However, for consistency, the Court refers to this Defendant as Trooper Grigg. *See Whisler v. Vik, et al.,* Case No. 3:11-cv-00118-TMB, Docket 16 at 1.

[3] Docket 1.

the amount of $800,000,000; and for Defendants to be terminated from their employment as Alaska State Troopers.[4] The Court takes judicial notice[5] of the Courtview records of the Alaska Court System[6] and the case previously filed in federal court.[7]

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Pursuant to the Court's order in Plaintiff's prior federal case, all of Plaintiff's claims for damages are barred by *Heck*. Because Plaintiff's conviction has not been reversed, expunged, or otherwise called into question, he may not proceed on these claims. The Court finds amendment would be futile at this time. Therefore, the Complaint is DISMISSED with prejudice and without leave to amend, and this case closed.

---

[4] Docket 1 at 10.

[5] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

[6] The docket records of the Alaska Court System may be searched at https://courts.alaska.gov/main/search-cases.htm.

[7] A court may take judicial notice of its own files and records. Fed. R. Evid. 201. The Court's online docket records may be accessed by the public online through the Public Access to Court Electronic Records (PACER) service at pacer.uscourts.gov or via the public computer terminal located in the Clerk's Office.

Case No. 3:24-cv-00148-SLG, *Whisler v. Dunford, et al.*
Order of Dismissal
Page 2 of 10
Case 3:24-cv-00148-SLG   Document 8   Filed 12/12/24   Page 2 of 10

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[8] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[9]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[10] Although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, and matters of judicial notice.[11]

---

[8] 28 U.S.C. §§ 1915, 1915A.

[9] 28 U.S.C. § 1915(e)(2)(B).

[10] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[11] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003). *See also Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including ... details contrary to his claims").

Case No. 3:24-cv-00148-SLG, *Whisler v. Dunford, et al.*
Order of Dismissal
Page 3 of 10
Case 3:24-cv-00148-SLG    Document 8    Filed 12/12/24    Page 3 of 10

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[12] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[13]

## DISCUSSION

Plaintiff claims that on or about January 24, 2009, he was arrested without probable cause and subjected to a humiliating search.[14] He also claims there was no probable cause for the search warrant, that the search was unnecessary because he had showered and changed clothes since the alleged events leading to his arrest, and that the photographs of his entire body, including his genitalia, were taken to intimidate and harass him.[15] Plaintiff characterizes the search as a "sexual assault" and believes Defendants violated his equal protection rights because two female troopers, Bowen and Grigg, searched him and his vehicle under the direction of Trooper Dunford.

---

[12] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[13] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[14] Docket 1 at 4.

[15] Docket 1 at 4-5.

Case No. 3:24-cv-00148-SLG, *Whisler v. Dunford, et al.*
Order of Dismissal
Page 4 of 10
Case 3:24-cv-00148-SLG   Document 8   Filed 12/12/24   Page 4 of 10

## I. Procedural Background

Defendants obtained a search warrant on January 23, 2009[16] and arrested Mr. Whisler on January 24, 2009 for offenses that allegedly occurred on January 22, 2009.[17] The warrant authorized the troopers to search for forensic evidence of sexual assault on Plaintiff's body—including DNA, hairs and fibers, trace evidence material, and bodily fluids.[18] On January 20, 2011, Plaintiff filed a civil lawsuit in the Alaska Superior Court against the Alaska State Troopers involved in the investigation and arrest. He claimed the troopers subjected him "to humiliating and degrading treatment" on the day of and the day after his arrest.[19] The troopers removed the case to federal court.[20] Because the state case was headed to trial, the Court granted the troopers' "request to stay the case pending Plaintiff's criminal trial. Plaintiff was convicted on August 19, 2011, and the Court subsequently lifted the stay."[21] Plaintiff appealed his state criminal conviction to the Alaska Court of

---

[16] *Whisler v. Vik, et al.,* Case No. 3:11-cv-00118-TMB ("Case 11-118"), Docket 15-1 at 2 (Affidavit of Investigator Dunford in support of Defendants' motion for summary judgment); Docket 15-3 at 3 (Copy of Search Warrant 3PA-09-168SW).

[17] *State of Alaska vs. Whisler,* Case No. 3PA-09-00136CR (File Date 01/24/2009).

[18] Case 11-118, Docket 15-1 at 2; 15-2 at 1-2; 15-3 at 1.

[19] Case 11-118, Docket 36 at 2.

[20] Case 11-118, Docket 1.

[21] Case 11-118, Docket 36 at 3.

Case No. 3:24-cv-00148-SLG, *Whisler v. Dunford, et al.*
Order of Dismissal
Page 5 of 10
Case 3:24-cv-00148-SLG   Document 8   Filed 12/12/24   Page 5 of 10

Appeals and filed a motion in his federal court case to continue the stay pending the outcome of his state appeal, which the federal court denied.[22]

The troopers then filed a motion for summary judgment in the federal case pursuant to *Heck v. Humphrey, 512 U.S. 477 (1994),* which restricts a litigant from proceeding on a civil action arising out of a criminal conviction under 42 U.S.C. §1983 ("Section 1983") unless and until the conviction has been set aside through appeal or other collateral efforts.[23] The Court granted Defendants' motion, as it determined that Plaintiff's claims were barred by *Heck,* because all of the claims[24] pleaded in the Complaint essentially amounted to claims of "malicious prosecution" and "would necessarily impugn his conviction";[25] however, the claims were dismissed without prejudice to Plaintiff refiling them should his criminal conviction be reversed on direct appeal, expunged, declared invalid, or otherwise called into question.[26] On June 27, 2018, the Alaska Court of Appeals reversed Plaintiff's

---

[22] Case 11-118, Dockets 13-14.

[23] Case 11-118, Dockets 15-17.

[24] Plaintiff's claims in the prior case included: (1) unlawful arrest and imprisonment; (2) deprivation of the right to legal counsel; (3) intentional infliction of emotional distress resulting from a strip search that "amount[ed] to malicious prosecution"; (4) loss of various "personal items" apparently confiscated by Defendants; (5) defamation and subjection to "public ridicule"; (6) "expos[ure] to and cont[r]act[ion of] a highly contagious disease" after his arrest and incarceration; and (7) subjection to "a stigma" that could negatively impact his ability to obtain future employment, even after exoneration. Case 11-118, Docket 36 at 2.

[25] Case 11-118, Docket 36 at 7.

[26] Case 11-118, Docket 36 at 7-8.

Case No. 3:24-cv-00148-SLG, *Whisler v. Dunford, et al.*
Order of Dismissal
Page 6 of 10
Case 3:24-cv-00148-SLG   Document 8   Filed 12/12/24   Page 6 of 10

conviction due to juror misconduct, and the case was returned to the Alaska Superior Court for a retrial.[27] Plaintiff then filed a motion to reopen the federal case, which was denied by the Court on November 26, 2018.[28] Plaintiff was instead instructed he would need to file a new civil case if he sought to pursue his claims.

Plaintiff filed this case on July 8, 2024, and brings nearly identical claims against three of the four troopers that he had named in the previous case.[29] At the time of filing, Plaintiff's criminal case was still pending in state court, but Plaintiff has since been convicted pursuant to a plea agreement.[30]

## II. Plaintiff cannot bring civil rights claims against the State, the Alaska Department of Public Safety, or the Division of Alaska State Troopers

A defendant in a civil rights lawsuit must be a "person."[31] States and state agencies are not considered "persons" under Section 1983.[32] Further, the Eleventh Amendment to the U.S. Constitution gives states sovereign immunity, which prohibits lawsuits against a state or the "arms of the state" (the State's

---

[27] Case 118, Docket 39 at 3. *See also Whisler v. State*, 2018 WL 3156923 (Alaska App. June 27, 2018).

[28] Case 118, Docket 40.

[29] Plaintiff named Defendants and Investigatory Curtis Vik in his earlier case, but only named Defendants Dunford, Grigg, and Bowen in the instant case.

[30] *See Whisler v. Hernandez,* Case 3:24-cv-00109-SLG-KFR, Docket 13 at 2, 6; Docket 13-5.

[31] 42 U.S.C. § 1983.

[32] *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 70 (1989).

Case No. 3:24-cv-00148-SLG, *Whisler v. Dunford, et al.*
Order of Dismissal
Page 7 of 10
Case 3:24-cv-00148-SLG     Document 8     Filed 12/12/24     Page 7 of 10

governmental branches, divisions, offices, and departments), unless the State or state agency's immunity has been waived.[33] The State of Alaska has not waived its immunity from civil rights claims alleging violations of the federal Constitution, so any civil rights claims against the State of Alaska or its agencies—including the Alaska Department of Public Safety and the Alaska State Troopers—cannot proceed in federal court.

### III. Pursuant to the Court's Previous Order, Plaintiff's Remaining Claims are Barred by *Heck*

The *Heck*-bar, or required favorable termination rule, is a rule of preclusion named after *Heck v. Humphrey*—the Supreme Court case that outlined the doctrine.[34] As stated above, on April 10, 2012, the Court dismissed Plaintiff's identical claims without prejudice to refiling should his criminal conviction be reversed, expunged, declared invalid, or otherwise called into question.[35] Although not all claims of unreasonable search and seizure are necessarily barred by *Heck*,[36] Plaintiff may not relitigate the same claims that were dismissed by the earlier judgment.

---

[33] *Alabama v. Pugh,* 348 U.S. 781 (1978); *In re New York*, 256 U.S. 490, 497 (1921); *see also Hans v. Louisiana*, 134 U.S. 1, 15 (1890).

[34] 512 U.S. at 478–79.

[35] Case 118, Docket 39 at 3.

[36] *See*, *e.g., Cunningham v. Gates*, 312 F.3d 1148, 1153–54 (9th Cir. 2002), *as amended on denial of reh'g* (Jan. 14, 2003) ("In evaluating whether claims are barred by *Heck*, an important touchstone is whether a § 1983 plaintiff could prevail only by negating 'an element of the offense of which he has been convicted.' "); *Cabrera v. City*

Case No. 3:24-cv-00148-SLG, *Whisler v. Dunford, et al.*
Order of Dismissal
Page 8 of 10
Case 3:24-cv-00148-SLG     Document 8     Filed 12/12/24     Page 8 of 10

The preclusive effect of a judgment is defined by claim preclusion and issue preclusion.[37] Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit."[38] The preclusion doctrines protect against "the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions."[39]

Plaintiff's conviction has not been reversed, expunged, or otherwise called into question. Thus, pursuant to the Court's order in the prior federal case, Plaintiff's claims for damages are barred by *Heck.* If Plaintiff disagreed with the scope of the Court's previous order granting the troopers' motion for summary judgment on all claims, he could have appealed that decision to the Ninth Circuit at that time.[40] Because he did not pursue an appeal of the Court's prior decision,

---

*of Huntington Park,* 159 F.3d 374, 381 (9th Cir. 1998) (holding plaintiff's claims for the use of excessive force and official cover-up, if successful, would not necessarily imply the invalidity of his conviction).

[37] *Taylor v. Sturgell,* 553 U.S. 880, 892 (2008).

[38] *New Hampshire v. Maine,* 532 U.S. 742, 748 (2001). *See also Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 713 (9th Cir. 2001) (*"Res Judicata,* also known as claim preclusion, bars litigation in a subsequent [a]ction of any claims that were raised or could have been raised in the prior action.").

[39] *Montana v. United States,* 440 U.S. 147, 153–154 (1979).

[40] Appellate courts can effectively review a district court's ruling on a *Heck* issue because an appellate court can reverse the district court after entry of a final judgment

Case No. 3:24-cv-00148-SLG, *Whisler v. Dunford, et al.*
Order of Dismissal
Page 9 of 10
Case 3:24-cv-00148-SLG   Document 8   Filed 12/12/24   Page 9 of 10

Plaintiff cannot proceed with this action, because all his current claims were raised before and dismissed without prejudice as barred by *Heck v. Humphrey* and the state conviction has not been reversed, expunged, declared invalid, or otherwise called into question. To the contrary, Plaintiff's conviction has become final upon his recent entry of a plea of guilty.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at **Docket 1 is DISMISSED**.

2. Plaintff's claims against the Alaska State Troopers are **DISMISSED with prejudice.** Plaintiff may not bring any civil rights claims in federal court against the State of Alaska or any state agency in any future action.

3. The Court finds that pursuant to the Court's order in the prior case, Case 11-118, all of Plaintiff's claims against the individual defendants are **barred by *Heck*,** and Plaintiff may not proceed with these claims again unless and until he can prove that his state court conviction has been overturned.

4. All pending motions are **DENIED as moot.**

5. The Clerk shall issue a final judgment and close this case.

DATED this 12th day of December 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

without departing from the holding or purpose of *Heck. Cunningham v. Gates*, 229 F.3d 1271, 1284 (9th Cir. 2000), *as amended* (Oct. 31, 2000).

Case No. 3:24-cv-00148-SLG, *Whisler v. Dunford, et al.*
Order of Dismissal
Page 10 of 10
Case 3:24-cv-00148-SLG    Document 8    Filed 12/12/24    Page 10 of 10